## MURRAY CO. v. CONTINENTAL GIN CO.

(Circuit Court, D. Delaware. October 26, 1905.)

### No. 249.

PATENTS—FEEDING SEED-COTTON TO GIN—INFRINGEMENT.

The apparatus covered by claims Nos. 1, 2, 9 and 12 of patent No. 472,607, dated April 12, 1892, granted to Stephen D. Murray, assignor to William Burr and John H. Deems for "Improvements in Apparatus for Elevating, Distributing, and Feeding Seed-cotton to Gins," and of claim No. 8 of patent No. 644,532, dated February 27, 1900, granted to Stephen D. Murray for "Improvements in Cotton-elevators and Gin-feeders," if not void for want of invention must, in view of the prior art, receive such a narrow and limited construction as to negative infringement.

(Syllabus by the Court.)

See 126 Fed. 533.

Oliver Mitchell and Arthur W. Spruance, for complainant.
Melville W. Church and E. J. Smyer, for defendant.

BRADFORD, District Judge. The Murray Company, a corporation of Texas, filed its bill against the Continental Gin Company, a corporation of Delaware, alleging infringement of letters patent of the United States No. 472,607, No. 488,446 and No. 644,532; but patent No. 488,-446 need not now be considered, as the counsel for the complainant has since the bill was filed abandoned all claim for relief in this suit with respect to it. Patent No. 472,607, dated April 12, 1892, was applied for May 29, 1891, and was granted to Stephen D. Murray, assignor to William Burr and John H. Deems, for "Improvements in Apparatus for Elevating, Distributing, and Feeding Seed-cotton to Gins." Patent No. 644,532, dated February 27, 1900, was applied for April 24, 1899, and was granted to Stephen D. Murray for "Improvements in Cotton-elevators and Gin-feeders." In the description of patent No. 472,607 the nature and objects of the invention are thus stated:

"This invention relates to certain new and useful improvements in machines or apparatus for elevating, distributing, and feeding seed-cotton to gins; and it consists, substantially, in such features of arrangement, construction, and combination of parts as will hereinafter be more fully described and claimed. The invention has for its object to provide a machine or apparatus which shall enable seed-cotton to be elevated, distributed, and fed directly to two or more gins at the same time without greatly increasing the consumption of power beyond that required for performing the same work in connection with a single gin. The invention has for its further object to provide a machine or apparatus of the character referred to, which can be adapted to any ordinary gin or gins or any arrangement of gins. The invention has for its further object to enable ready access to be had to all parts of the gins, and also to greatly economize in space over many former inventions for a like purpose. The invention has for its still further object to provide a machine or apparatus of the character referred to which shall possess the quality of great durability, and one in which the moving parts are comparatively few and not liable to become as quickly worn as when of a more delicate construction. The invention has for its still further object to greatly reduce the quantity of machinery usually employed to do the work of elevating, distributing, and feeding cotton to gins, and thereby rendering the machine or apparatus much less expensive to build. The invention has for its

final object to provide means whereby the cotton is fed to the gins in a compressed sheet or bat, and also to provide simplified devices for actuating and regulating the speed of the feed-rolls."

The charge of infringement as to patent No. 472,607 has been restricted to claims 1, 2, 9 and 12, which are as follows:

"1. In apparatus for elevating, distributing, and feeding seed-cotton to gins, the combination, with a suction pipe or tube, of a box or casing having side air-passages and a central screened space, and a chute or feeder communicating with said space, substantially as described.

"2. In apparatus for elevating, distributing, and feeding seed-cotton to gins, the combination, with a suction pipe or tube formed in its under side with an opening, of a box or casing having a central space communicating with said pipe or tube and provided with side air-passages having inner screen-walls, and a chute or feeder communicating with said central space, substantially as described."

"9. In apparatus for elevating, distributing, and feeding seed-cotton to gins, the combination, with the chute or feeder, of a set of feed-rollers supported at the bottom of said chute or feeder and means for regulating the feed of said rollers, substantially as described."

"12. The combination, with a suction-pipe, of the box or casing constructed of two or more central spaces and provided with the screened air-passages and a chute or feeder suspended beneath each of said central spaces, substantially as described."

In the description of patent No. 644,532 the nature and object of the invention are thus stated:

"This invention relates to cotton-elevators and gin-feeders, and especially to that class of such apparatus employed for elevating and feeding seed-cotton to cotton-gins wherein an air conduit or tube is arranged longitudinally along and communicates with the cotton-distributing casing or trunk, provided with screens arranged therein at points above feed-chutes that lead to the gin-feeders in such manner that the seed-cotton is drawn by suction through the distributing casing or trunk and at the points where the screens are located drops by gravity into the feed-chute and by the latter is conveyed to the gin-feeders, which operate to feed the cotton to the cotton-gins, as in letters patent Nos. 472,607, 488,446 and 560,914 respectively dated April 12 and December 20, 1892, and May 26, 1896. The object of the present invention is to provide an improved air conduit or tube for delivering the cotton to the feed-chutes, to form the feed-chutes in two removable sections to facilitate the ready insertion and removal of the flexible valves, to combine with the gin-feeder improved cotton-cleaning mechanism and means for conveying off the dirt, and finally to improve, simplify, and render more efficient this class of apparatus generally."

The charge of infringement as to patent No. 644,532 has been restricted to claim 8, which is as follows:

"8. In an apparatus for feeding seed-cotton to cotton-gins, the combination with a feed-chute or receptacle-box, of a casing, feed-rollers arranged in the casing, a picker-roll disposed beneath the feed-rollers, a chute for delivering the cotton from the picker-roll to the gin, a screen located beneath and in rear of the picker-roll, a box or trough for catching the dirt which drops by gravity through the screen, means for directing the dirt into said box or trough and a conveyer arranged in the box or trough and operating to discharge the dirt therefrom, substantially as described."

The defendant contends that the complainant has failed to establish title to patent No. 472,607, one of the two patents on which a right of recovery is now set up. This is an immaterial point from the view the court takes of the case and need not further be alluded to.

I do not think that the merits of the case require elaboration or enlargement and shall, therefore, content myself with the brief statement, after careful examination of the evidence, exhibits and briefs, that, if the patented apparatus in suit are not void for want of invention, they can, in view of the prior art, receive only such a limited and narrow construction as to negative infringement. The bill accordingly must be dismissed with costs. Let a decree be prepared and submitted.